## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL B. STORM, HOLLY P. WHITE, DORIS MCMICHAEL, and KYLE WILKINSON, BARBARA HOLT, and LINDA REDDING individually and on behalf of all others similarly situated,** | : : : : : : | **Civil Action No.:  1:14-cv-01138-JEJ** |
| **Plaintiffs,** | : : | |
| **v.** | : : | |
| **PAYTIME, INC., a Pennsylvania corporation,** | : : : | |
| **Defendant.** | : | |

## PRELIMINARY APPROVAL ORDER

### August 13, 2018

Having fully considered Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1.      Except as otherwise provided below, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Class Action Settlement Agreement ("Agreement"), attached to the Motion as Exhibit 1 to the Declaration of Gary Lynch.

2.      The Court preliminarily approves the Agreement subject to the Final Approval Hearing, the purpose of which will be to decide whether to grant final approval to the Settlement Agreement reached by the Parties (the "Settlement").  The Court finds that the Agreement, the Settlement set forth therein and all exhibits attached thereto and/or to Plaintiff's Motion for Preliminary Approval of Class Action Settlement are fair, reasonable, and adequate, entered into

in good faith, free of collusion to the detriment of the Settlement Class and within the range of possible judicial approval to warrant sending notice of the Action and the proposed Settlement to the Settlement Class and to hold a full hearing on the proposed Settlement.

3.    For settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, the Court finds that the Litigation may be maintained on behalf of the following class:

> all individuals whose information was accessed without authorization by an unknown individual on or around April 7, 2014, which was discovered by Paytime on or around April 30, 2014.

4.    The Court recognizes that Defendant Paytime Harrisburg, Inc. d/b/a Paytime, Inc. ("Defendant") reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. Defendant also reserves all of its defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

5.    For settlement purposes only, the Court preliminarily appoints Plaintiffs as representative of the Settlement Class.

6.    For settlement purposes only, the Court preliminarily appoints the following attorney to act as Class Counsel for the Settlement Class:

Gary F. Lynch
Carlson Lynch Sweet Kilpela & Carpenter, LLP
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Telephone:  (412) 322-9243
Facsimile:  (412) 231-0246

Katrina Carroll
kcarroll@litedepalma.com
Lite DePalma Greenberg, LLC
Chicago Office

111 West Wacker Drive
Suite 1240
Chicago, IL 60602
312.750.1265

7.    The Court appoints KCC Class Action Services, LLC as the Settlement Administrator. The Settlement Administrator will be an agent of the Court and will be subject to the Court's supervision and direction as circumstances may require.

8.    Notice shall be provided to the Settlement Class by **October 5, 2018.** Notice shall be in a form substantially the same as the Notice Plan provided in the Agreement, including any modification thereto.

9.    The Court finds that the Notice and Notice Plan meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all potential members of the Settlement Class. The Notice is reasonably calculated, under the circumstance, to apprise the Settlement Class:  (a) of the pendency of the Litigation; (b) of their right to exclude themselves from the Settlement Class and the proposed Settlement; (c) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; and (d) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for attorneys' fees and costs and/or the service award and, if he or she desires, enter an appearance personally or through counsel.  The Court further finds that the notices are written in plain English and are readily understandable by members of the Settlement Class.

10.    Any member of the Settlement Class who wishes to opt out or exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion sent to the Settlement Administrator at the address on the Notice and to be postmarked no later than

**November 19, 2018** (the "Exclusion/Objection Deadline"). The opt-out request must (a) identify the member of the Settlement Class by name, address, and phone number and (b) state that he or she wishes to be excluded from the Settlement Class.  A timely and valid request to opt out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement.  The Settlement Administrator shall compile a list of all members of the Settlement Class who properly and timely submit an opt-out request (the "Exclusion List").

11.     Any member of the Settlement Class who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

12.     Any Settlement Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement or who wishes to object to the award of attorneys' fees and expenses or Plaintiff's service award must file with the Court and serve on Class Counsel and Defendant's Counsel, postmarked no later than the Exclusion/Objection Deadline, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

(a)     A caption or title that identifies it as "Objection to Class Settlement in *Storm et al. v. Paytime, Inc.* (Case No. 14-cv-01138);"

(b)     The objector's full name, address, email address, telephone number, and his or her counsel's name, address, email address, and telephone number;

(c)     A written statement detailing each objection, the facts supporting them, the legal basis on which they are based, and the relief requested; and

(d)     A written statement detailing whether he or she intends to appear at the Final Approval Hearing, either with or without counsel.

13.     Any objections must be appropriately filed with the Court no later than the Exclusion/Objection Deadline, or alternatively they must be mailed to the Court at the address below and postmarked no later than the Exclusion/Objection Deadline.

> Clerk of Court
> United States District Court for the Middle District of Pennsylvania
> Middle District of Pennsylvania
> 228 Walnut Street,
>  P.O. Box 983
> Harrisburg, PA 17101
> Attention: "*Daniel Storm el al. v. Paytime, Inc.*, Case No. 14-cv-01138"

A copy of the objection, postmarked no later than the Exclusion/Objection Deadline, must also be mailed to the Settlement Administrator at its post office box.

14.     No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to the Settlement Administrator, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs.  Any Settlement Class Member who does not file a written objection in the time and manner described above shall be:  (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Final Approval Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

15.     Any objecting Settlement Class Member who intends to appear at the Final Approval Hearing, either with or without counsel, must also file a notice of intention to appear with the Court postmarked no later than the Exclusion/Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to the Settlement Administrator, as provided for in Paragraph 13 above.

(a)     If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify any attorney representing the objector who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) to which counsel is admitted and a list identifying all objections such counsel has filed to class action settlements from January 1, 2013 to the present, the results of each objection, including any Court opinions ruling on the objections, and any sanctions by a Court in connection with filing an objection.  Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the attorneys' fees and expenses will be at the Settlement Class Member's own expense; and

(b)     If the objecting Settlement Class Member intends to request the Court allow the Class Member to call witnesses at the Final Approval Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than the Exclusion/Objection Deadline.  If a witness is not identified in the notice of appearance, such witness shall not be permitted to object or appear at the Final Approval Hearing.

16.     If any objection is deemed frivolous, the Court may award appropriate costs and fees to Class Counsel and/or Defendant's Counsel.

17.     No payments shall be made from the Settlement Fund for the purpose of withdrawing a person's objection to the Settlement without prior Court approval.

18.     Any Settlement Class Member who wishes to receive benefits under the Agreement must not exclude himself or herself from the Settlement.

19.     The Settlement Administrator will establish a post office box to be used for receiving requests for exclusion or objections and any other communications relating to this Settlement.

20.     The Court preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any members of the Settlement Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims; and (c) attempting to effect opt outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims. This Agreement is not intended to prevent Settlement Class Members from participating in any action or investigation initiated by a state or federal agency.

21.     A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate (the "Final Approval Hearing") shall be conducted in the United States Courthouse, United States District Court for the Middle District of Pennsylvania, Ronald Reagan Federal Bldg. & U.S. Courthouse, 228 Walnut Street, Harrisburg, PA 17101, Courtroom 2, commencing on **December 17, 2018 at 9:30 a.m.**

22.     The Court may reschedule the Final Approval Hearing without further written notice. If the Final Approval Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Final Approval Hearing will be posted on the Court's docket.

23.     Papers in support of the final approval of the Settlement shall be filed with the Court no later than seven (7) days before the Final Approval Hearing, and shall include: (a) responses to objections; (b) a declaration from the Settlement Administrator attesting to completion of Notice and the number and identity of Settlement Class Members who filed requests to be excluded from the Settlement and objections to the Settlement.

24.     An application of Class Counsel for an award of fees and expenses shall be filed with the Court by or before **November 8, 2018.**

25.     All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Final Approval Hearing, except such actions as may be necessary to implement the Agreement and this Order.

26.     Defendant shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than seven (7) days before the Final Approval Hearing. The Court finds that Defendant may satisfy the notice

requirements of CAFA by delivering an appropriate notice of this Settlement to the United States Attorney General and the Attorneys General of the 50 states.

27.     This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement; or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason.  In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

28.     Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by any Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement.  This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

29.     The terms and provisions of the Agreement may be amended by agreement of the Parties in writing and approval of the Court without further notice to the Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

IT IS SO ORDERED:


s/ John E. Jones III
The Honorable John E. Jones III,
United States District Court Judge, Middle
District of Pennsylvania